IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-02-00361-CR

 

Kenneth Zink,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court # 2002-154-C

 



MEMORANDUM 
Opinion



 








          Kenneth
Zink pled guilty to the offense of indecency with a child.  The jury assessed his punishment at 15 years
in prison.  Zink appeals.

          In
one issue, Zink contends his sentence should be overturned because of
ineffective assistance of trial counsel at the punishment phase.  Zink specifically notes five deficiencies by
trial counsel which rendered his assistance ineffective:  1) failing to object to “expert” testimony
elicited from the venire during voir dire; 2) failing to object during voir
dire to the State’s binding of prospective jurors to a specific factual
situation; 3) failing to request that venire person Latham be stricken for
cause (and alternatively, failing to strike venire person Latham peremptorily)
after she indicated that she could not consider the full range of punishment;
4) failing to object to the testimony of an expert witness as to appellant’s
suitability for probation; and 5) requesting, as trial strategy, the admission
of a pre-sentence investigation report, which would have been otherwise
inadmissible, and which allowed the State, by means of the PSI interviews, to
obtain other evidence which would have been admissible because it was obtained
by means of the PSI interview.

          Strickland requires proof of deficient
performance by counsel and proof of
prejudice.  Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984); Bone v. State, 77 S.W.3d 828, 837 (Tex. Crim. App. 2002).  To establish deficient performance, the
defendant must prove, by a preponderance of the evidence, that there is, in fact,
no plausible professional reason for a specific act or omission.  Bone v.
State, 77 S.W.3d at 836.  A defendant
must also show that this deficient performance prejudiced his defense.  Id. at 833.

          The
first four complaints relate to trial counsel’s failure to object or to take
some other specific action.  It is now
well-established that there are many factors that may weigh into counsel’s
decision to take or not take a particular action at a particular time during a
trial.  The record does not reveal why
counsel took the action about which complaint is now made.  Likewise, the record does not reveal why
counsel did not take the action Zink now contends counsel should have
taken.  From this record, and without an
explanation from counsel, we are unable to say these actions or inactions could
not have been legitimate trial strategy.

And as to the fifth complaint, trial counsel’s
request to admit Zink’s pre-sentence investigation report, trial counsel
expressly stated on the record that he was aware that the report had negative
information in it, had evaluated it, but on balance had determined that it had
positive information in it and he wanted it admitted.  And admitted it was.

But Zink presents nothing to show that the
pre-sentence investigation was inadmissible per se, presents no authority for
what portions of the investigation he claims were inadmissible, and makes no
showing that the State could not have obtained the information about Zink’s
juvenile history from any source other than the PSI.  And once the PSI was made available to Zink,
the State was entitled to have access to it as well.  Tex.
Code Crim. Proc. Ann. art. 42.12, § 9(f) (Vernon Pamp. 2004-2005).  

We do not second-guess trial strategy with 20/20
hindsight.  Bone v. State, 77 S.W.3d at 835. 
Counsel is not ineffective simply because the strategy did not work out
the way counsel had hoped.  Thus, under
the applicable standards, Zink did not prove his counsel was ineffective.

          Zink’s
sole issue is overruled.

          The trial court’s judgment is affirmed.

 

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Before Chief Justice Gray,

          Justice Vance, and

          Justice Reyna

Affirmed

Opinion delivered and filed September
 29, 2004

Do not publish

[CR25]